(94 South. 134)
### CONNALLY v. STATE.   (8 Div. 918.)

(Court of Appeals of Alabama.   June 20, 1922. Rehearing Granted Oct. 31, 1922.)

**Criminal law ⫸1086(14)—Judgment affirmed in absence of exception in record to ruling on evidence.**

Where there appears in the record no exception to any ruling of the court on the admission of testimony, nor to the conclusions and judgment of the court on the evidence, the judgment must be affirmed under Acts 1915, p. 940, § 3.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Frank Connally was convicted of violating the prohibition law, and he appeals. Affirmed.

Douglass Taylor, of Huntsville, for appellant.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

SAMFORD, J. Defendant was tried by the court without a jury and convicted of violating the prohibition law, and from the judgment he appeals.

Section 3 of Acts 1915, p. 939, provides:

"That in the trial of any cause at law either civil or criminal in the circuit court by the judge of the court without the intervention of a jury, either party to a civil cause or the defendant in a criminal cause may present for review by bill of exception the conclusions and judgment of the court on the evidence, and the Court of Appeals or the Supreme Court shall review the same without any presumption in favor of the court below, and if there be error shall render such judgment in the cause as the court below shall have rendered, or reverse and remand the same for further proceedings in the circuit court as the Court of Appeals or the Supreme Court may deem right."

There appears in the record no exception to any ruling of the court on the admission of testimony; nor to the conclusions and judgment of the court on the evidence.

There being no error in the record, and no exceptions having been reserved, the judgment must be affirmed.

Affirmed.

### On Rehearing.

The original opinion is withdrawn; the foregoing is substituted. Judgment of reversal set aside, and the judgment of conviction affirmed.